F I L E D
CLERK OF COURT

2025 SEP -9 AM 11: 36

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

FREDDY CUEVAS SUSUICO,
DOB: 10/27/1976

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0490-24**
GPD Report Nos. 24-14701/24-14874/24-14884

**DECISION & ORDER
RE. DEFENDANT FREDDY CUEVAS
SUSUICO'S MOTION TO DISMISS
INDICTMENT**

This matter came before the Honorable Alberto E. Tolentino on June 17, 2025, for a Motion Hearing. Defendant Freddy Cuevas Susuico ("Defendant") was present with counsel Attorney Heather Quitugua. Assistant Attorney General Grant Olan was present for the People of Guam ("People"). At this Motion Hearing, the parties were before the court to address Defendant's Motion to Dismiss the Indictment, which was filed on April 28, 2025. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** Defendant Freddy Cuevas Susuico's Motion to Dismiss Indictment.

### BACKGROUND

On July 19, 2024, the People charged the Defendant via Indictment for the following offenses: (1) Three Counts of COMPLICITY TO COMMIT BURGLARY (As a 2nd Degree

Felony) with a Notice of Commission of a Felony while on Felony Release; and (2) Three Counts of THEFT BY RECEIVING (As a 2nd Degree Felony). *See generally* Indictment (July 19, 2024). On October 29, 2024, the People subsequently filed a Superseding Indictment for the same offenses, but also attaching the Notice of Commission of a Felony while on Felony Release to the Second Charge of THEFT BY RECEIVING (As a 2nd Degree Felony). *See generally* Superseding Indictment (Oct. 29, 2024).

In anticipation for Jury Selection and Trial, which was previously scheduled for June 16, 2025, the Defendant filed seven motions. On January 6, 2025, the Defendant filed his Motion to Suppress Evidence, including all allegedly involuntary statements made by the Defendant to law enforcement; and all unrecorded (through video or audio) statements made by the Defendant to law enforcement. *See* Mot. Suppress (Jan. 6, 2025). The People filed its Opposition in response to the Motion to Suppress on January 17, 2025. *See generally* Ppl.'s Opp'n Suppress (Jan. 17, 2025).

The Defendant later filed the following motions on April 28, 2025: (1) Defendant Freddy Cuevas Susuico's Motion to Dismiss Indictment ("Motion to Dismiss"); (2) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Prohibit Defendant's Statements at Trial; (3) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Mug Shots; (4) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Any Prosecution Expert from Testifying; (5) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Evidence of Any Misconduct Committed During Pretrial Detention and Pretrial Release; and (6) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude All Evidence Not Discovered to Defendant by Law Enforcement as of April 14, 2025.

Despite proper service that was effectuated for these motions in *limine*, the People had filed no responses as of the Motion Hearing, which was previously scheduled for May 28, 2025. As a sanction for the People's failure to timely file responses to the Defendant's motions in *limine*, the court barred any oral argument form the People at the continued Motion Hearing scheduled for June 17, 2025. *See* Mot. Hr'g Mins. at 10:29:46 – 32:04AM (May 28, 2025). However, the court permitted the People leave of court to file late responses to the Defendant's motions no later than close of business on June 4, 2025. *Id.*[1]

In accordance with the court's new deadline, the People filed the following responses to the Defendant's motions mentioned above: (1) People's Opposition to Defendant's Motion to Dismiss Indictment ("People's Opposition"); (2) People's Opposition to Defendant's Motion in *Limine* to Prohibit Use of Defendant's Statements at Trial; (3) People's Non-Opposition to Defendant's Motion in *Limine* to Exclude Mug Shots; (4) People's Opposition to Defendant's Motion in *Limine* to Exclude Any Prosecution Expert from Testifying; (5) People's Opposition to Defendant's Motion in *Limine* to Exclude Evidence of Any Misconduct Committed During Pretrial Detention and Pretrial Release; and (6) People's Opposition to Defendant's Motion in *Limine* to Exclude All Evidence Not Discovered to Defendant by Law Enforcement as of April 14, 2025.

---

[1] If a motion is untimely filed, the court may allow the filing of motions beyond the time limit previously set by the court. *See* 8 GCA § 65.45 ("Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to § 65.15, or prior to any extension thereof made by the court, shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver."). Despite the People's failure to timely file responses in this case, the court still has an obligation to analyze the merits of the issue before it. In *Petition of Quitugua v. Flores,* the Supreme Court of Guam held that "the failure to file a written opposition, the filing of a notice non-opposition, or the disregard of untimely filed papers" does not relieve the lower court of its obligation to consider the merits of a motion before rendering its decision. *Petition of Quitugua v. Flores,* 2004 Guam 19 ¶¶ 27–28.

In his Motion to Dismiss, the Defendant argues that dismissal of this case is appropriate based on statements made by a defendant named Alex Taimanglo in Criminal Case No. CF0501-24. *See* Def.'s Mot. Dismiss, Ex. C (Apr. 28, 2025). Specifically, Taimanglo stated the following:

> Although Freddy Cuevas Susuico was implicated in my statements on this case CF501-24, I Alex Alberto Taimanglo would like to address that Freddy Cuevas Susuico had no involvement on this matter.

*Id.* Prior to Taimanglo's statement filed in CF0501-24, it is noteworthy that an informant named the Defendant as a suspect in the burglaries within the police reports in this case. *See* Magistrate's Compl., Aff. (July 12, 2024). Because of this, Guam Police officers executed a search warrant and apprehended the Defendant. *Id.*

In its Opposition, the People stated that the Defendant "has failed to show that there is a defect in the indictment" under 8 GCA § 65.15(b). Ppl.'s Opp'n (June 4, 2025). The People also believe that the Defendant "appears to argue that the People cannot prove the charges against the Defendant beyond a reasonable doubt." *Id.* at 4. In believing this, the People argue that this is a factual matter for the jury to determine, not the court. *Id.*

On June 17, 2025, all parties were present before the court to address the Defendant's pending motions in this case. At the Motion Hearing, the Defendant clarifies that dismissal is appropriate under 8 GCA § 65.15 as "a defect in bringing the case in the first instance" as the People can only bring case with a good faith basis for believing that it can be proven beyond a reasonable doubt. *See* Mot. Hr'g Mins. at 3:08:58 – 09:26PM (June 17, 2025). Noting that the People have had this information since January, the Defendant argued that there was a defect in the institution of this case, because this case should not have been brought in light of Taimanglo's statement. *Id.* at 3:11:23 – 14:05PM. After hearing the parties' arguments on all motions, the court took the Motion to Dismiss under advisement.

## DISCUSSION

Both parties provide 8 GCA § 65.15 as authority on the issue of dismissal, which states:

Any defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following shall be raised prior to trial:

(a) Defenses and objections based on defects in the institution of the prosecution;
(b) Defenses and objections based on defects in the indictment, information or complaint (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings);
(c) Motions to suppress evidence;
(d) Requests for discovery pursuant to Chapter 70 (commencing with § 70.10); or
(e) Requests for a severance of charges or defendants pursuant to § 65.35.

8 GCA § 65.15.

This Guam statute was originally sourced from Rule 12(b)(3) of the Federal Rules of Criminal Procedure.[2] Therefore, this court may use federal authority to interpret and guide the application of 8 GCA § 65.15 to this case.

---

[2] Federal Rule of Criminal Procedure 12(b)(3) states that "[t]he following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:"
    (A) a defect in instituting the prosecution, including:
        (i) improper venue;
        (ii) preindictment delay;
        (iii) a violation of the constitutional right to a speedy trial;
        (iv) selective or vindictive prosecution; and
        (v) an error in the grand-jury proceeding or preliminary hearing;
    (B) a defect in the indictment or information, including:
        (i) joining two or more offenses in the same count (duplicity);
        (ii) charging the same offense in more than one count (multiplicity);
        (iii) lack of specificity;
        (iv) improper joinder; and
        (v) failure to state an offense;
    (C) suppression of evidence;
    (D) severance of charges or defendants under Rule 14; and
    (E) discovery under Rule 16.
Fed. R. Crim. P. 12(b)(3).

The court does not dispute the timeliness of the Defendant's Motion to Dismiss before trial. However, the issue before the court is whether the People's ability to prove this case beyond a reasonable doubt at trial constitutes as a defect in the institution of the prosecution pursuant to 8 GCA § 65.15(a).When reviewing Federal Rule of Criminal Procedure 12(b), a defect in institution a prosecution includes: (i) improper venue; (ii) preindictment delay; (iii) a violation of the constitutional right to a speedy trial; (iv) selective or vindictive prosecution; and (v) an error in the grand-jury proceeding or preliminary hearing. Fed. R. Crim. P. 12(b)(3)(A)(i)–(v). However, none of these defects were proven to exist in this matter.

In *United States v. Nukida*, the United States Court of Appeals reversed a California District Court decision to grant a defendant's Rule 12(b) motion to dismiss. *See generally United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). On appeal, "[t]he government argued that whether the contaminated medications affected interstate commerce constitutes an element of the charged offense which should be decided by the jury." *Nukida*, 8 F.3d at 668. Ultimately, the Court of Appeals agreed with the government, holding that the defendant's 12(b) motion to dismiss "amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense." *Id*. at 669–670.

Like the defendant in *Nukida*, Defendant Susuico challenges the sufficiency of the People's evidence by arguing that it cannot overcome its burden of proving the charged offenses beyond a reasonable doubt based on the lack of evidence and Taimanglo's statement. While Taimanglo's statement is something that could aid the Defendant's case at trial, the court agrees with the People that whether the Defendant was involved in the events between June 23 and July 7 of 2024 is something for a jury to consider as the trier of fact. For this reason, the court denies the Defendant's Motion to Dismiss.

## CONCLUSION

For reasons stated above, the court hereby **DENIES** Defendant Freddy Cuevas Susuico's Motion to Dismiss Indictment.

**SO ORDERED** this **SEP 0 9 2025** _____.



_____

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

*AG, H. Quitugua*

Date: 9/9/25 Time: 11:48am

*Antonio Cruz*
Deputy Clerk, Superior Court of Guam